[Filed April 7, 1886.]

## H. W. PRETTYMAN *v.* OREGON RAILWAY AND NAVIGATION COMPANY.

MEASURE OF DAMAGES—MARKET VALUE.—When property having a market value has been destroyed and a recovery in damages is sought, the measure of damages is the market value.

SAME.—But property may have a value for which a recovery may be had. if it is destroyed, although it have no actual market value.

SAME.—In an action for loss of property which has no market value, other means of valuation must necessarily be resorted to.

MULTNOMAH COUNTY. Defendant appeals. Affirmed.

*C. B. Bellinger,* for Appellant.

Citing *Hadley* v. *Baxendale,* 9 Exch. 341; 1 Sedgwick on Damages, 218, note *a; Griffin* v. *Colver,* 16 N. Y. 489; *Smith* v. *Griffith,* 3 Hill, 333; *Ringgold* v. *Haven,* 1 Cal. 108.

*A. S. Bennett,* for Respondent.

Citing 1 Sutherland on Damages, 108; *Harris* v. *P. R. R. Co.,* 58 N. Y. 660; *Cory* v. *T. I. W. Co.,* L. R. 3 B. 181; *Fairfax* v. *N. Y. C. Co.,* 73 N. Y. 167; *Stickney* v. *Allen,* 10 Gray, 352; *Rhodes* v. *Baird,* 16 Ohio St. 573; *McHose* v. *Fulmer,* 73 Pa. St. 367; *Erd* v. *Chicago and N. W. Co.,* 41 Wis. 65.

LORD, J. This is an action brought by the plaintiff to recover damages from the defendant for failure, as a common carrier, to deliver a box of pear grafts, alleged to have been shipped over defendant's lines. Upon the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit, on the ground that the plaintiff had failed to make out a case sufficient to be submitted to the jury. The motion was denied. The jury found a verdict for the plaintiff, upon which the court rendered judgment. The denial of a motion for a nonsuit is the ground of the appeal. Among other things, it is alleged in the complaint, in substance, that at the time of the arrival of the grafts at Portland they had no market value, there being none in the market at that place, or within a long distance, but that for general and ordinary purposes the said grafts were of the reasonable value of $500, etc. The contention of counsel for the defendant was to the effect that there could be no general value, except a market value, and that any other value would be necessarily special, and hence the error.

When property which has a market value has been destroyed, and a recovery in damages is sought, the inquiry is as to the market value of such property. In such case, the market value of such property is the proper measure of damages. It furnishes the standard by which the damages may be ascertained and measured; for the money value thus ascertained is the price at which property could be replaced for money in the market. But property may have a value for which a recovery may be had if it is destroyed, although it may have no actual market value. "There may have been no sales in that region," said Valentine, J.; "there may have been no market value for the corn there. If so, then some other criterion of value must be adopted. It is not necessary in any case that there should be an actual *market* value for an article in order to entitle the owner thereof to a recovery for its destruction." (*Atchison, T., and S. F. R. Co.* v. *Stanford,* 12 Kan. 380.)

And in *Murry* v. *Stanton,* 99 Mass. 348, the court say: "Property is often the subject of such legal valuation, for which no proof of value in the market could be given, because it is not bought in the course of trade, and it is not known in the market, and is therefore incapable of any estimate in that mode. In such case, the real value is to be ascertained from such elements as are attainable. The promissory note of an individual may have no market value, but proof of the solvency of the maker, that the note is secured on real estate, in whole or in part, would require that some value, according to the fair estimate of its probable proceeds, should be put upon it. . . . . When there is 'a market value,' it shows the price at which either party may have relief from the consequences of the default of the other, and therefore it properly measures the damages. But when there is no such standard, the damages must be estimated from other means of valuation."

For the want of a market value, to recompense a party for the injury sustained by the loss of property, other means of valuation must necessarily be resorted to in order to appraise the property which is the subject of judicial valuation. The bill of exceptions discloses that the evidence submitted was in conformity with this principle, and was competent for the purpose offered. There was no error, and the judgment must be affirmed.